GEYER v. LAWRENCE et al. (No. 2.)

(Supreme Court, General Term, First Department. November 23, 1888.)

NEGOTIABLE INSTRUMENTS—TRANSFER AFTER MATURITY—ACTION BY TRANSFEREE.

    G. Bros. being indebted to defendants L. Bros. on a note for $2,000, which the latter had indorsed and negotiated, they loaned G. Bros. three other notes with which to pay it. When these became due, G. Bros., being unable to pay them, defendants loaned them five other notes, executed by third persons, for that purpose. The $2,000 note not being paid by G. Bros., defendants were compelled to pay it themselves. Plaintiff received the notes in suit (two of the five) from G. Bros. after maturity, as collateral security for a pre-existing debt. *Held*, that G. Bros. could not have maintained an action against defendants L. Bros. on the notes, the payment of the $2,000 note being a condition precedent, and that plaintiff was in no better position.

Appeal from judgment on report of referee.

This was an action brought by Adam Geyer against Henry D. Brewster, Anson F. Becker, George Lawrence, and Newton N. Lawrence, on two notes made by Brewster & Becker, and indorsed by Lawrence Bros. Co. On report of the referee, judgment was entered dismissing the complaint as to all the defendants except Brewster & Becker. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*A. Edward Woodruff*, for appellant.   *J. L. Bennett*, for respondents.

MACOMBER, J. In the fall of 1881 the firm of Geyer Bros., who were doing business at Rahway, N. J., were indebted to the firm of Lawrence Bros. Co., of Oneida, N. Y., in the sum of about $8,000, a part of which consisted of a note of $2,000. When this note became due, Geyer Bros. being unable to pay it, Lawrence Bros. Co., who were liable on it as indorsers, having negotiated it, were asked by Geyer Bros. to assist them further in carrying the indebtedness. Geyer Bros. had made a draft on Lawrence Bros. Co. for the amount, payable in five days. Lawrence Bros. Co. refused to pay the draft, but made another draft back on Geyer Bros., with the funds of which they were to pay the above draft; and, to enable Geyer Bros. to pay this last draft, they loaned the said Geyer Bros. three notes which had been given to them by the firm of Brewster & Becker, of Weedsport, N. Y., which were the subject-matter of the opinion given in the case of this plaintiff against Brewster and others, known as "Action No. 1," (*ante*, 801,) considered at the present term of court. When these three notes became due, respectively, Geyer Bros. were still unable to pay them, and again called upon Lawrence Bros. Co. for assistance. The result of the negotiations was that Brewster & Becker executed five notes with which to take up and retire the three notes which had already matured and had gone to protest. By these several transactions it appears that the debtors,.as between Geyer and Lawrence Bros. Co., were the Geyer Bros., and not the Lawrences. As a part of the arrangement between the parties, the note of $2,000, executed by Geyer Bros., was to be taken up by Geyer Bros. at maturity, and the Lawrences were to pay the five notes, of which the notes described in the complaint in this action are

two.   The $2,000 note above mentioned was discounted at the bank of Mack Bros., of Weedsport, N. Y.   Geyer Bros. having failed to perform this part of their agreement to pay the $2,000 note at maturity, the same was paid or taken up by Lawrence Bros. Co., by their substituting their own paper to the amount thereof, which they subsequently in fact paid.   It will thus be seen that as between Geyer Bros. and Lawrence Bros. Co. no action can be maintained by Geyer Bros. against Lawrence Bros. Co. upon any of this commercial paper.   Does the plaintiff stand in any better situation than Geyer Bros.? He manifestly does not, because it is admitted in this action that the notes in suit were given to him by Geyer Bros. after they were due, and that he took them, not upon any new consideration, but as collateral security for an indebtedness theretofore due and owing him by Geyer Bros.   He is not, consequently, a *bona fide* holder of the paper for value, and cannot claim any greater rights in this action than his transferrers had.   The payment by Geyer Bros. of the $2,000 note was, under the arrangement, as shown by the evidence, a condition precedent to any liability, as between the parties, of Lawrence Bros. Co. upon these several notes.   Having failed to pay such $2,000 note, and such failure compelling the Lawrence Bros. Co. to pay the same, the notes in suit became void as between the original parties to the agreement, and consequently they are unavailable to any person who is unable to show himself a purchaser in good faith and for value.   The condition of the defendants Brewster & Becker, who do not appeal, is different.   They are the original and principal debtors upon the paper, and the referee properly has given judgment against them for the amount thereof.   The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.